# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00624-CV

**In re Astrotech Corporation, a Washington Corporation, and Thomas B. Pickens III, Mark E. Adams, John A. Oliva, Sha-Chelle Manning, Daniel T. Russler, and William Readdy**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relators Astrotech Corporation, a Washington corporation with headquarters in Texas; its chief executive officer Thomas B. Pickens III; and its board of directors, Mark E. Adams, John A. Oliva, Sha-Chelle Manning, Daniel T. Russler, and William Readdy, filed a petition for writ of mandamus asserting that the district court abused its discretion by imposing "targeted discovery" obligations after purporting to grant their plea to the jurisdiction, allowing the real party in interest, Astrotech shareholder and former chief financial officer John Porter, to address his deficient pleadings. The order stems from a shareholder-derivative suit filed by Porter in a Texas district court against Relators, and the parties agree that this suit, filed in Texas "in the right of" a corporation organized under Washington law, is governed by the laws of Washington. *See* Tex. Bus. Orgs. Code § 21.562(a).

## BACKGROUND

Before filing suit, Porter sent a demand letter and draft petition to Astrotech's board of directors, who ultimately refused Porter's demand to bring claims against Astrotech. Porter then

filed suit alleging that Relators breached their fiduciary duties and committed waste by participating in sham loans and unauthorized transfers of company funds, usurping a corporate opportunity, and misappropriating company assets.[1] Relators filed a plea to the jurisdiction arguing that Porter had not met his statutory requirement of pleading with particularity the basis for alleging that his demand was wrongfully refused. Porter filed a response to the plea and amended his petition.

After a hearing, the district court specifically found that Porter was required to "allege with particularity his basis for alleging that the Board wrongfully refused his demand to investigate and pursue claims on behalf of the Corporation" and that his amended pleading was deficient. The order stated that the court "**GRANTS the Plea subject to**" Porter's request to (1) take targeted discovery about the Board's actions in response to his demand and (2) replead his derivative claims to meet the requirements of Washington law. The court gave Porter sixty days to conduct discovery and one week after that to amend his petition in response to the plea. After the district court denied Relators' motion to reconsider the portion of the order allowing discovery, Relators filed this petition for writ of mandamus.[2]

## DISCUSSION

To obtain mandamus relief, Relators must show that the district court clearly abused its discretion and that they lack an adequate remedy by appeal. *See In re Southwestern Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004)). Relators argue that Porter is required to plead with particularity that his demand for

---

[1] Before filing the underlying shareholder-derivative suit, Porter filed a separate suit against Astrotech for wrongful termination.

[2] The district court stayed the discovery order pending this mandamus petition.

Board action was wrongfully refused, that he is not entitled to discovery to assist him in meeting that burden, and that, by allowing Porter to conduct such discovery, the district court abused its discretion and stripped them of their right to avoid the burden and expense of discovery in a shareholder suit in which the amended petition does not meet Washington's stringent pleading standards. In response, Porter points to cases that permit discovery in other contexts "while a plea to the jurisdiction is under consideration," but does not cite any authority for the proposition that a court may find that it lacks jurisdiction over a cause but still order discovery to be conducted.

As a preliminary matter, we recognize that the trial court found that Washington law requires specific pleadings regarding the Board's refusal and that Porter acknowledges that finding "is not at issue here."[3] Beyond recognizing that, however, we need not further analyze whether

---

[3] Under Washington law, a plaintiff such as Porter must "allege with particularity the demand made, if any, to obtain action by the board of directors and either that the demand was refused or ignored or why a demand was not made." Wash. Code § 23B.07.400(2). Washington courts do not appear to have explicitly decided whether to apply Delaware's approach to all derivative suits. However, agreeing with the "well reasoned opinion" in *In re Cray, Inc.*, 431 F. Supp. 2d 1114, 1120 (W.D. Wash. 2006) (concluding that Washington "would likely adopt the substantive demand requirement and apply a similar, if not the same, exception for futility as that employed in Delaware"), the Supreme Court of Washington stated, "Delaware's courts are well versed in this area. Until our legislature decides otherwise, Washington is a demand futility state and follows Delaware." *In re F5 Networks, Inc.*, 207 P.3d 433, 439 (Wash. 2009) (Delaware law has "at least 'some modest importance in the American scheme of corporate governance'" (quoting Leo E. Strine, Jr., *The Inescapably Empirical Found. of the Common Law of Corps.*, 27 Del. J. Corp. L. 499, 501 (2002))). Thus, the trial court could reasonably have concluded that Washington will also follow Delaware's pleading requirements in demand-refused cases, and, under Delaware law, when a plaintiff alleges wrongful refusal, "[t]he requirements of particularity apply both to plaintiff's efforts to obtain the desired action and the reasons for failing to secure redress." *Levine v. Smith*, 591 A.2d 194, 211 (Del. 1991), *overruled in part on other grounds*, *Brehm v. Eisner*, 746 A.2d 244, 253 (Del. 2000). Thus, the "plaintiff must allege with particularity facts raising a reasonable doubt that the corporate action being questioned was properly the product of business judgment." *Brehm*, 746 A.2d at 254-55; *see Levine*, 591 A.2d at 212-15 (plaintiff must allege sufficient facts to create reasonable doubt about whether board's refusal was act of informed business judgment).

Further, the Washington Supreme Court in *F5 Networks* held that RCW 23B.07.400(2)

3

limited discovery is allowable under Washington law.  Instead, we have before us this very narrow question:  What is the effect of the district court's findings that Porter did not establish standing to maintain this suit?

The district court found both that Porter was required to satisfy Washington's pleading requirements and that his amended petition "does not meet the applicable pleading standard."  Because the court determined that Porter's pleadings did not satisfy the applicable standard under Washington law, Porter lacked standing to bring his suit.  *See* Wash. Code § 23B.07.400; *see also Scattered Corp. v. Chicago Stock Exch., Inc.*, 701 A.2d 70, 77 (Del. 1997) ("A plaintiff's standing to sue in a derivative suit, whether based on demand-refused or demand-excused, must be determined on the basis of the well-pleaded allegations of the complaint."), overruled on other grounds, *Brehm v. Eisner*, 746 A.2d 244, 253-54 (Del. 2000).  The court therefore should have granted Relators' plea to the jurisdiction without imposing any other conditions.[4]

As explained by our sister court, cited by Relators, "Subject matter jurisdiction is a multiple choice question with only two answers:  yes or no.  If the trial court does not have jurisdiction to enter a judgment, it does not have jurisdiction to allow plaintiffs to conduct

_____

requires a plaintiff to "tell the court why" a demand was not made because it would have been futile. 207 P.3d at 439.  Thus, the court applied the "with particularity" language to the requirement that a plaintiff alleging demand futility must explain "why a demand was not made," leading to a conclusion that the same particularity requirement applies to a plaintiff alleging wrongful refusal. *See* Wash. Code § 23B.07.400(2).

[4] Porter argues that the court did not "fully grant" the plea to the jurisdiction, but a court cannot "partially" lack jurisdiction.  Porter also argues that it would be unfair to dismiss his suit without allowing him to amend his pleadings to remedy any deficiencies.  However, Porter had already amended his pleadings in response to Relators' plea to the jurisdiction, and the trial court found that his amended petition still did not satisfy Washington's pleading requirements.

discovery." *City of Anson v. Harper*, 216 S.W.3d 384, 390 (Tex. App.—Eastland 2006, no pet.); *see also University of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004) (" a court is obliged to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it"); *State Bar v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) ("[s]ubject matter jurisdiction requires that the party bringing the suit have standing"); *Hart v. Moore*, 952 S.W.2d 90, 93 (Tex. App.—Amarillo 1997, pet. denied) ("In order for a court to exercise power over cases or controversies, it must have subject matter and territorial jurisdiction."). We conclude (1) that the district court abused its discretion when it allowed Porter to conduct discovery after it had found that he lacked standing and (2) that Relators lack an adequate remedy by appeal. *See In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) ("Mandamus relief is available when the trial court compels production beyond the permissible bounds of discovery.").

## CONCLUSION

We conditionally grant Relators' petition for writ of mandamus. *See* Tex. R. App. P. 52.8(c). The writ will issue only if the district court fails to enter a modified order in accordance with this opinion.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Goodwin

Filed: February 14, 2014

5